IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLIE PEARSON, ROGER BURRELL, BRIAN GIVENS, and THE LAW OFFICES OF MARK BOOKER, on behalf of themselves and Those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS M. HODGSON, In His Official Capacity as Sheriff Of Bristol County,<br><br>and<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 1:18-cv-11130 |

### [PROPOSED] JUDGMENT

1. Pursuant to the Court's December 12, 2018 Memorandum & Order (Dkt. No. 45), Plaintiffs Roger Burrell's and Brian Givens' claims were dismissed, and Plaintiffs Kellie Pearson's and the Law Offices of Mark Booker's claims against Defendant Thomas Hodgson in his individual capacity, against Thomas Hodgson, in his official capacity as Sheriff for Bristol County ("Sheriff Hodgson"), for damages, and against Securus Technologies, Inc. ("Securus") for conversion were dismissed.

2. On March 31, 2021, the Court certified the following question of law to the Massachusetts Supreme Judicial Court ("S.J.C."):

> Did the Massachusetts Legislature, through the provisions of 2009 Mass. Legis. Serv. Ch. 61 (S.B. 2119) §§ 12(a), 12(c), 15, or M. G. L. ch. 127 § 3, taken separately or together, authorize the Bristol County Sheriff's Office to raise revenues for the Office of the Sheriff through inmate calling service contracts?

(Dkt. No. 122).

3. On May 17, 2022, after briefing and argument by the Parties, the S.J.C. answered the certified question of law: yes. (Dkt. Nos. 127, 129).

4. The determination of the certified question of law by the S.J.C. is dispositive of the issues in this case.

5. Because the Massachusetts Legislature authorized the Bristol County Sheriff's Office to raise revenues for the Office of the Sheriff through inmate calling service contracts, as set forth in the S.J.C.'s determination of the certified question of law, all remaining claims against Sheriff Hodgson are dismissed with prejudice.

6. Given the S.J.C.'s determination of the certified question of law and for the reasons set forth in this Court's June 22, 2020 Memorandum & Order relating to the sole remaining claim against Securus for alleged violation of Chapter 93A (Dkt. No. 114 at 16-17), all claims against Securus are dismissed with prejudice.

Accordingly, judgment is entered in favor of Defendants on all claims. Each party shall bear its own costs.

IT IS SO ORDERED.

/s/ Indira Talwani
The Hon. Indira Talwani
United States District Judge

6/13/2022